PER CURIAM:
In February of 1980, the claimant, an attorney at law, was assigned by the Judge of the Circuit Court of Gilmer County to represent Kenneth Eugene Murphy and Kenny Drew Sayre both of whom were charged with the commission of felonies, the *395 appointments having been made pursuant to the provisions of Article 11 of Chapter 51. At the conclusion of the respective representations the claimant presented itemized vouchers and affidavits reflecting that at the hourly rates as set forth in Code 51-11-8 he was entitled to fees of $2,027.50 in the Murphy matter and $1,352.50 in the Sayre matter. Respondent however paid the claimant only $1,000.00 in each matter pursuant to Code 51-11-8 which reads in part as follows:
“In each case in which an attorney is assigned under the provisions of this article to perform legal services for a needy person, he shall be compensated for actual and necessary services rendered at the rate of twenty dollars per hour for work performed out of court, and at the rate of twenty-five dollars per hour for work performed in court, but the compensation for services shall not exceed one thouand dollars...”. (Emphasis supplied.)
Claimant is seeking an award for the difference between his fees based on the hourly rates as set out above and the $1,000.00 fee actually paid to him by the respondent in each of these matters. While claimant recognizes the provision of the statute relating to the maximum of the fee, he argues that the number of hours devoted by him to these matters requires this Court in the exercise of equity and good conscience to make an award. While it is true that jurisdictionally this Court can make awards when equity and good conscience dictate the same, this Court does not perceive that equitable principles can justify the circumvention of the plain and unambiguous language of the above quoted statute.
Claim disallowed.