PER CURIAM:
Claimant, a law firm, asserts in its Notice of Claim that it represented two officers of the Department of Public Safety in two separate legal actions in Summers County, West Virginia.
In July 1980, claimant was employed to represent the two officers, who were charged in the Magistrate Court in Summers County with malicious wounding. The case was dismissed upon the preliminary hearing. Claimant submitted a bill to the Department of Public Safety, which bill was paid in January 1981.
According to claimant’s brief, misdemeanor indictments, for assault and battery, were returned by a Summers County grand jury, against the two officers, in September 1980. The claimant law firm represented the officers, and the indictments were dismissed. Whether the claimant submitted a statement for this legal service is not indicated.
Misdemeanor indictments, for battery, were returned by a Summers *265 County grand jury, against the two officers, in January 1981. The claimant law firm again represented the officers. Claimant’s eviden-tiary exhibit, itemizing its services, shows the first services (time expended) on January 14, 1981, and continues through September 17 and 18, 1981, being the dates of trial. Thus, it appears that we are dealing only with a claim for legal services rendered with reference to this second set of indictments. The total amount of the statement is $4,621.96, of which respondent has paid $2,000.00, leaving a balance of $2,621.96 for which this claim was made.
Employment of the claimant law firm was approved by the respondent, apparently pursuant to W.Va. Code §15-2-22, which authorizes “. . . the superintendent to authorize any member of the department to employ an attorney of such member’s choice to act in proceedings wherein criminal charges are brought against such member because of action in line of duty.” This code section also provides “For such attorney’s services an amount determined by the judge in whose court the action is pending, not to exceed one thousand dollars, may be expended in any one case.”
Similarly, W. Va. Code §51-11-8 authorizes fees to be paid to court-appointed legal counsel for indigent defendants and limits payment to a maximum of one thousand dollars. In denying awards in George M. Cooper vs. Administrative Office of the Supreme Court of Appeals, 13 Ct.Cl. 394 (1981) and in David M. Finnerin vs. Office of the State Auditor, 13 Ct.Cl. 431 (1981), this Court refused to circumvent the plain and unambiguous language of the statute.
The Court views the instant case in the same light; that this claim must be denied.
Claim disallowed.